RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante, Esq. (JM 4231)
Richard González, Esq. (RG 9291)
292 Madison Avenue, 11th Floor
New York, NY 10017
(212) 953-2381
*Attorneys for Defendant,*
*RICHARD AQUILONE, JR.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES ABRAHAM, PATRICK HASAN, and
VARGHESE PUTHUVAMKUNNATH and
SALOMY PUTHUVAMKUNNATH,
individually and as Personal Representatives for
the Estate of JIJO PUTHUVAMKUNNATH ,
deceased,

Civil Action No.: 11-cv-5947 (PKC)

Plaintiffs,

**ANSWER AND COUNTER CLAIM**

- against -

RICHARD AQUILONE, JR.,

Defendant.

RICHARD AQUILONE, JR. (hereinafter "AQUILONE") by and through his attorneys

RUBIN, FIORELLA & FRIEDMAN LLP, as to his Answer and Counter Claim to the Complaint

of JAMES ABRAHAM, PATRICK HASAN, and VARGHESE PUTHUVAMKUNNATH and

SALOMY PUTHUVAMKUNNATH, individually and as Personal Representatives for the Estate

of JIJO PUTHUVAMKUNNATHM (hereinafter "Plaintiffs"), state upon information and belief,

as follows:

-1-

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Complaint.   .

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint.

6.   Admits the allegations contained in paragraph six of the Complaint.

7.   Admits that he owns the vessel, but denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph seven of the Complaint.

8.   The allegations contained in paragraph eight of the Complaint are statements of law to which no answer is required.

9.   The allegations contained in paragraph nine of the Complaint are statements of law to which no answer is required.

10.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph ten of the Complaint.

11.   Denies the allegations contained in paragraph eleven of the Complaint.

12.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twelve of the Complaint.

13.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph thirteen of the Complaint.

14.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph fourteen of the Complaint.

15.  Admits that at the time of the alleged collision, he, his daughter, and his two sons, were onboard the REEL IMPULSIVE, and denies each and every other allegation contained in paragraph fifteen of the Complaint.

16.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph sixteen of the Complaint.

17.  Denies the allegations contained in paragraph seventeen of the Complaint.

18.  Denies the allegations contained in paragraph eighteen of the Complaint.

19.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph nineteen of the Complaint.

20.  Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty of the Complaint.

21.  Admits that an alleged collision occurred between the recreational vessel REEL IMPULSIVE and another recreational vessel, but denies knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph twenty-one, and denies any liability.

22.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-two of the Complaint.

23.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-three of the Complaint.

24.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-four of the Complaint.

25.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-five of the Complaint, and respectfully refers all questions of law to the Court at the time of trial.

26.   Denies the allegations contained in paragraph twenty-six of the Complaint.

27.   Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph twenty-seven of the Complaint, and respectfully refers all questions of law to the Court at the time of trial.

28.   Defendant repeats and reiterates each and every answer and denial contained in paragraphs 1 though 27 of this Answer to Complaint and Cross-Claims as if set forth at length herein.

29.   Denies the allegations contained in paragraph twenty-nine of the Complaint.

30.   Denies the allegations contained in paragraph thirty of the Complaint.

31.   Denies the allegations contained in paragraph thirty-one of the Complaint.

32.   Denies the allegations contained in paragraph thirty-two of the Complaint.

33.   Denies the allegations contained in paragraph thirty-three of the Complaint.

34.     Defendant repeats and reiterates each and every answer and denial contained in

paragraphs 1 though 33 of this Answer to Complaint and Cross-Claims as if set forth at

length herein.

35.     Denies the allegations contained in paragraph thirty-five of the Complaint.

36.     Denies the allegations contained in paragraph thirty-six of the Complaint.


### AS AND FOR A FIRST SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.


### AS AND FOR A SECOND SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were caused in whole or

in part and/or were contributed, through the negligence, fault, want of care, and/or culpable

conduct of plaintiffs, and/or on the part of others, without any negligence on the part of

defendant, and defendant seeks a dismissal or reduction in any recovery that may be had by the

plaintiffs, in the proportion to the negligence, fault, want of care, and/or culpable conduct

attributable to plaintiffs, and/or others, which caused said injuries or damages.


### AS AND FOR A THIRD SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were the result of the

fault, neglect, breach of duty of care by plaintiffs,  and/or on the part of others, over whom

defendant exercises no legal authority or control, and for whom defendant cannot be held liable as a matter of law.

## AS AND FOR A FOURTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Negligence, if any, on the part of defendant was not the proximate cause of any alleged injuries or damages alleged by plaintiffs, which are denied.

## AS AND FOR A FIFTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by applicable statutes of limitations, repose, laches and/or estoppel as governed by applicable state law.

## AS AND FOR A SIXTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were solely and proximately caused by the failure of the plaintiffs to exercise that degree of ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances.

## AS AND FOR A SEVENTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, are a continuation of injuries, damages or conditions that existed prior to or came into existence subsequent to the time of the alleged collision.

## AS AND FOR A EIGHT SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Defendant, a vessel owner, claims all rights and defenses pursuant to 46 U.S.C. §30501 *et seq.*,

relating to proceedings for Exoneration from or Limitation of Liability, involving admiralty and

maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedures, and

Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions.

## COUNTER CLAIM

Defendant, RICHARD AQUILONE, JR., for his Counter Claim against plaintiff,

PATRICK HASAN, alleges on information and belief as follows:

## JURISDICTION AND VENUE

1.   This is a case within the admiralty and maritime jurisdiction of the United States and the

claims herein are admiralty and maritime claims within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.   This Court also has diversity jurisdiction pursuant to 28 U.S.C. §§1332, §1333,

supplemental jurisdiction pursuant to 28 U.S.C. §1367, and Rule "F" of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**PARTIES**

3.    At all times herein mentioned, defendant, RICHARD AQUILONE, JR., was a domiciliary of the State of New Jersey, with a residence in Hudson County, State of New Jersey.

4.    Defendant is the owner of one 33-foot Proline recreational vessel, 2001, named REEL IMPULSIVE (hereinafter referred to as the "Proline").

5.    The alleged incident occurred in New York.

6.    Upon information and belief, plaintiff, PATRICK HASAN, was and is a citizen and resident of the State of New Jersey.

7.    At all relevant times, and upon information and belief, plaintiff, PATRICK HASAN, is the owner of a 17-foot Bayliner recreational power-driven vessel (hereinafter referred to as the "Bayliner").

8.    Upon information and belief, JAMES ABRAHAM, was and is a citizen and resident of the State of New York.

9.    Upon information and belief, JIJO PUTHUVAMKUNNATH , was a citizen and resident of the State of New Jersey.

10.    Upon information and belief, VARGHESE PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH, were and are citizens and residents of the State of New Jersey.

11.    Upon information and belief, VARGHESE PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH, are the Personal Representatives for the Estate of JIJO PUTHUVAMKUNNATH.

## NATURE OF THE ACTION

12.   On August 24, 2011, plaintiff, HASAN, along with plaintiffs, JAMES ABRAHAM, and
VARGHESE PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH as the
Personal Representatives for the Estate of JIJO PUTHUVAMKUNNATH, filed a
Complaint against RICHARD AQUILONE, JR., with respect to loss, damage and injury
arising out of an alleged collision on July 2, 2010, between the Proline and the Bayliner,
(the "alleged collision").

## CLAIM

13.   At all relevant times, HASAN was the owner and operator of recreational power-driven
vessel, namely a 17-foot Bayliner, equipped with an outboard engine.

14.   Upon information and belief, on July 2, 2010, plaintiff's Bayliner was anchored and/or
drifting in a no-anchorage zone in vicinity of the Statue of Liberty, New York.

15.   Upon information and belief, plaintiff, HASAN, JAMES ABRAHAM,, and JIJO
PUTHUVAMKUNNATH, were onboard the Bayliner.

16.   On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by failing to post a
proper lookout.

17.   On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by impeding the
passage or safe passage another vessel.

18.   On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by failing to take
early action to allow sufficient sea room for the safe passage of vessel traffic.

19.    On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by failing to take

positive action, with ample time, and with due regard to the observance of good

seamanship, to avoid the alleged collision.

20.    On July 2, 201, plaintiff, HASAN, negligently operated the Bayliner, by failing to have

onboard a means or producing an efficient sound signal, capable of attracting attention.

21.    On July 2, 201, plaintiff, HASAN, negligently operated the Bayliner, by failing to sound

an audible "warning" or "danger" signal.

22.    On July 2, 201, plaintiff, HASAN, negligently operated the Bayliner, by failing to have

onboard a means or producing a visual warning signal, capable of attracting attention.

23.    On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by not having

onboard a VHF or marine radio, and/or with the VHF or marine radio turned "off".

24.    On July 2, 2010, plaintiff, HASAN, negligently failed to maintain the Bayliner in a

seaworthy condition.

25.    On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by anchoring in a

no-anchorage zone.

26.    On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by allowing the

vessel to drift into an anchorage zone.

27.    On July 2, 2010, plaintiff, HASAN, negligently operated the Bayliner, by not having

onboard any "anchored" or "adrift" warning lights or flags.

28.    If any loss, injury or damage resulted from the alleged collision, same was a result of acts

and/or omissions of plaintiff, HASAN, for whose conduct defendant, RICHARD

AQUILONE, JR., is not responsible.

29. If JIJO PUTHUVAMKUNNATH, JAMES ABRAHAM, VARGHESE PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH as the Personal Representatives for the Estate of JIJO PUTHUVAMKUNNATH, sustained any injury, loss or damage as alleged in the Complaint filed by plaintiffs, then, upon information and belief, such loss or damage was not the result of any negligence act by defendant, RICHARD AQUILONE, JR., but was caused in whole or in part by the acts, neglect, and culpable conduct of plaintiff, HASAN, and defendant, RICHARD AQUILONE, JR., is therefore entitled to dismissal or reduction of any recovery had by any party in proportion which the culpable conduct attributable to plaintiff, HASAN, bears to the culpable conduct which caused the damages complained of.

30. By reason of the foregoing, if any verdict or judgment is recovered against defendant, RICHARD AQUILONE, JR., he demands contribution from plaintiff, HASAN, in an amount equal to his proportionate share of liability as will be adjudged by the trier of fact.

31. By reason of the foregoing, if plaintiffs, JAMES ABRAHAM, VARGHESE PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH as the Personal Representatives for the Estate of JIJO PUTHUVAMKUNNATH, recover verdict or judgment against defendant, RICHARD AQUILONE, JR., he will be injured thereby and be entitled to judgement over and against and be indemnified by plaintiff, HASAN, for the entire amount of any such verdict or judgment recovered by plaintiffs, as well as costs and attorneys' fees in defending the action in behalf of defendant, RICHARD AQUILONE, JR.

32.     By reason of the negligent acts and conduct of plaintiff, HASAN, defendant, RICHARD

AQUILONE, suffered damage to and the loss of use of the Proline, and suffered

economic damages in the amount of approximately Twenty-Five Thousand ($25,000)

Dollars, as nearly as same can now be estimated and no part of which has been paid.


**WHEREFORE**, Defendant, RICHARD AQUILONE, JR., demands:

a.      Judgement in his favor dismissing Plaintiffs Complaint with prejudice;

b.      Judgement in his favor dismissing HASAN's Complaint with prejudice;

c.      Judgement in his favor and against HASAN in the Counter Claim;

d.      Costs including reasonable attorneys' fees be assessed against Plaintiffs; and

e.      Such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
        October 11, 2011

                              **RUBIN, FIORELLA & FRIEDMAN LLP**
                              *Attorneys for Defendant,*
                              *RICHARD AQUILONE, JR.*


                              James E. Mercante, Esq. (JM 4231)
                              Richard GonzÁlez, Esq. (RG 9291)
                              292 Madison Avenue, 11th Floor
                              New York, NY 10017
                              Ph: 212-953-2381
                              Fax: 212-953-2462
                              E-Mail: jmercante@rubinfiorella.com
                              E-Mail: rgonzalez@rubinfiorella.com
                              Our File No.: 628-16385


                                    -12-

To:     **<u>Via ECF and Regular Mail</u>**

Andrew J. Maloney, III
Jared L. Watkins
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
*Attorneys for Plaintiff,*
 *JAMES ABRAHAM, PATRICK HASAN, and VARGHESE*
 *PUTHUVAMKUNNATH and SALOMY PUTHUVAMKUNNATH*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

       **M. DEE FRENETTE**, being duly sworn, says:

       I am not a party to this action; I am over 18 years of age; I reside at Manhattan, New York.

       On October 11, 2011, I served the within **ANSWER AND COUNTER CLAIM** upon:

> Andrew J. Maloney, III
> Jared L. Watkins
> KREINDLER & KREINDLER LLP
> 750 Third Avenue
> New York, NY 10017
> *Attorneys for Plaintiff,*
>     *JAMES ABRAHAM, PATRICK HASAN, and VARGHESE*
>     *PUTHUVAMKUNNATH and SALOMY*
>     *PUTHUVAMKUNNATH*

the address designated by said attorneys for that purpose by depositing a true copy of same

enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Postal Service within the State of New York.

                                M. DEE FRENETTE

Sworn to before me this
11th day of October, 2011

       Notary Public

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 20 13

                                          Our File No.  628-16385

–14–