234-10/MEU/DJF
Freehill, Hogan & Mahar, LLP
Attorneys for Third-Party Defendants
80 Pine Street
New York, New York  10005
Telephone: (212) 425-1900/Fax: (212) 425-1901
Michael E. Unger, Esq.  (MU0045)
Daniel J. Fitzgerald, Esq. (DF6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES ABRAHAM, PATRICK HASAN, and
VARGHESE PUTHUVAMKUNNATH and
SALOMY PUTHUVAMKUNNATH,
Individually and as Personal Representatives for
the Estate of JIJO PUTHUVAMKUNNATH,
Deceased,

      Plaintiffs,
  -against-

RICHARD AQUILONE, JR.,

      Defendant.

Civil Action No.:
11-cv-5947 (PKC)

**THIRD-PARTY DEFENDANTS'
ANSWER TO THIRD-PARTY
PLAINTIFF'S  COMPLAINT**

------------------------------------------------------------x
RICHARD AQUILONE, JR.,

      Third-Party Plaintiff,

  -against-

NYWT SHARK LLC and NYWT CIRCLE
LINE LLC d/b/a CIRCLE LINE DOWNTOWN
as Owners and Operators of the Motor Vessel
SHARK, *In Personam,* and the M/V SHARK,
*In Rem*,

      Third-Party Defendants.
------------------------------------------------------------x

  Third-Party Defendants, NYWT SHARK LLC and NYWT CIRCLE LINE LLC d/b/a

CIRCLE LINE DOWNTOWN as Owners and Operators of the Motor Vessel SHARK, by their

378650.1

attorneys, Freehill, Hogan & Mahar, LLP, as and for their answer to the Third-Party Plaintiff's Complaint, states upon information and belief as follows:

## JURISDICTION AND VENUE

FIRST: Admit the allegations contained in paragraphs 1, 2 and 3 of the Third-Party Complaint.

## PARTIES

SECOND: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Third-Party Complaint.

THIRD: Admit that NYWT SHARK LLC was the registered Owner of the Vessel SHARK and NYWT CIRCLE LINE LLC as Operator and/or Demise Owner of the Vessel SHARK was the owner pro hoc vice as contemplated by 46 U.S.C. § 30505, otherwise admit the remaining allegations contained in paragraph 5 of the Third-Party Complaint.

FOURTH: Admit the allegations contained in paragraph 6 of the Third-Party Complaint.

## PROCEDURAL BACKGROUND

FIFTH: Admit the allegations contained in paragraphs 7, 8, 9, 10 and 11 of the Third-Party Complaint.

SIXTH: The allegations contained in paragraph 12 of the Third-Party Complaint are allegations of law to which no response is required. To the extent that a response is required, denied.

378650.1

## THIRD-PARTY CLAIM

SEVENTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 13 and 14 of the Third-Party Complaint.

EIGHTH: Deny the allegations contained in paragraphs 15, 16, 17, 18, 19, 20 and 21 of the Third-Party Complaint.

## FURTHER ANSWERING AND AS AND FOR AFFIRMATIVE DEFENSES TO THE THIRD-PARTY COMPLAINT –THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

NINTH: The Third-Party Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

TENTH: Any claims by Third-Party Plaintiff against Third-Party Defendants are required to be brought In the Matter of the Complaint of Plaintiffs NYWT SHARK LLC and NYWT CIRCLE LINE d/b/a/ CIRCLE LINE DOWNTOWN as Owners and Operators of the vessel Shark for Exoneration From or Limitation of Liability, 11 Civ. 0370 (SAS), filed in the United States District Court, Southern District of New York ("the limitation action").

### THIRD AFFIRMATIVE DEFENSE

ELEVENTH: Third-Party Plaintiff's claims are barred and Third-Party Defendants seek a dismissal pursuant to *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 114 S.Ct. 1461, 128 L. Ed.2d 148 (1994).

378650.1

## FOURTH AFFIRMATIVE DEFENSE

TWELFTH:   Any injuries or damages, as alleged in the Third-Party Complaint, which are denied, were caused in whole or in part and/or were contributed, through the negligence, fault, want of care, and/or culpable conduct of Third-Party Plaintiff, and/or on the part of others, without any negligence on the part of Third-Party Defendants.

## FIFTH AFFIRMATIVE DEFENSE

THIRTEENTH:   Any injuries or damages, as alleged in the Third-Party Complaint, which are denied, were the result of the fault, neglect, breach of duty of care by Third-Party Plaintiff, and/or on the part of others, over whom Third-Party Defendants exercise no legal authority or control, and for whom Third-Party Defendants cannot be held liable as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH:   Any injuries or damages, as alleged in the Third-Party Complaint, which are denied, were solely and proximately caused by the failure of the Third-Party Plaintiff to exercise that degree of ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH:   Third-Party Defendants, a vessel owner, claims all rights and defenses pursuant to 46 U.S.C. §30501 *et seq.*, relating to proceedings for Exoneration from or Limitation of Liability, involving admiralty and maritime claims within the meaning of Rule 9(h) of the

378650.1

Federal Rules of Civil Procedures, and Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### EIGHTH AFFIRMATIVE DEFENSE

SIXTEENTH: Third-Party Defendants can have no direct liability to Plaintiffs as a result of the Order issued by Judge Scheindlin dated April 13, 2011 in the limitation action and the pray for relief requested by Third-Party Plaintiffs that Third-Party Defendants be required to respond directly to Plaintiff's Complaint under Fed. R. Civ. P. 14(c) should be denied.

**WHEREFORE,** Third-Party Defendants demand:

(A)   Dismissal of the Third-Party Complaint of Richard Aquilone, Jr. and

(B)   Costs including reasonable attorneys fees assessed against Third-Party Plaintiff and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 20, 2011

        FREEHILL, HOGAN & MAHAR, LLP
        Attorneys for Third-Party Defendants
        NYWT SHARK LLC and NYWT CIRCLE LINE LLC d/b/a CIRCLE LINE DOWNTOWN as Owners and Operators of the Motor Vessel SHARK,

By: _____
      Michael E. Unger
      Daniel J. Fitzgerald
      80 Pine Street
      New York, New York 10005-1759
      Tel: (212) 425-1900

378650.1

TO:  James E. Mercante, Esq.
Richard Gonzalez, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Richard Aquilone, Jr.
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Andrew J. Maloney, III
Jared L. Watkins, Esq.
KREINDLER & KREINDLER, LLP
Attorneys for Plaintiffs
750 Third Avenue
New York, New York 10017

378650.1