UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES ABRAHAM, PATRICK HASAN, and
VARGHESE PUTHUVAMKUNNATH and
SALOMY PUTHUVAMKUNNATH,   Index No. 11-cv-5947 (KBF/FM)
individually and as Personal Representatives for
the Estate of JIJO PUTHUVAMKUNNATH,
deceased,                 **PLAINTIFFS' MEMORANDUM OF**
                          **LAW IN OPPOSITION TO**
        Plaintiffs,       **DEFENDANT'S MOTION TO STAY**
                          **DISCOVERY**

    -against-

RICHARD AQUILONE JR.,

        Defendants.
-------------------------------------------------------------X

Plaintiffs, James Abraham, Patrick Hasan and the Estate of Jijo Puthuvakunnath, by their attorneys Kreindler & Kreindler LLP, respectfully submit this Memorandum of Law in Opposition to Defendant's Motion to Stay Discovery indefinitely or in the alternative, for nine (9) months in order to arguably resolve the criminal investigation against defendant.

### Background

On July 2, 2010, defendant Richard Aquilone was arrested for operating his 33 foot yacht under the influence of alcohol after he smashed his vessel at high speed through a small 17 foot Bayliner motor boat that was sitting near the Liberty Island boundary waters with its engines off. Jijo Puthuvakunnath was killed and James Abraham and Patrick Hassan were injured. Defendant Aquilone was also charged with vehicular manslaughter and endangering the welfare of his minor children who were on board his yacht.

Defendant Aquilone had a criminal complaint filed against him by the New York County District Attorney's Office and was released on bail. Upon information and belief, Mr. Aquilone

was administered a breathalyzer test sometime after the accident that resulted in a finding of .06% blood alcohol content. At the time of this draft, the case has not been presented to a Grand Jury for indictment.

Plaintiffs filed a complaint on August 24, 2011 against defendant Aquilone for wrongful death and injuries that resulted from Aquilone's reckless and careless actions. Defendant Aquilone sued the New York Water Taxi tourist vessel known as "The Shark," claiming it obstructed defendant's vision while he was cruising near the Statue of Liberty. The parties exchanged automatic disclosures and informally exchanged additional discovery in advance of a mediation that was held by the Honorable Frank Maas on December 20, 2011. At mediation, the New York Water Taxi Corp. offered to settle all claims against it by offering plaintiffs an award. Plaintiffs accepted it, and no liability was alleged or acknowledged with regard to the Shark. The case against defendant Aquilone did not settle.

Plaintiffs view defendant's characterization of the mediation in its brief and at the recent telephone conference as highly improper, inaccurate and a continued violation of the confidentiality order Judge Maas issued after plaintiffs alleged defendant Aquilone discussed the confidential Shark settlement with the media. Further, the "voluminous" discovery defendant describes at pages 5-6 of its Memorandum of Law in the context of mediation has nothing to do with liability discovery required in this case and is therefore irrelevant. In short, defendant has provided no liability discovery in the seven (7) months since this case has been pending.

### Argument

Defendant now seeks a stay of discovery for an indefinite period of time – until the criminal proceedings against Aquilone are resolved - and concedes those "proceedings" have now been pending for twenty-one (21) months. Consequently, defendant seeks in the alternative,

a stay for another 9 months under an assumption that his criminal action will be concluded by that time. Defendant provides no evidence for this arbitrary speculation.

Plaintiffs have a right to have their claims heard and adjudicated in a timely manner. Twenty-one months have passed since the accident and seven months since this lawsuit commenced. Plaintiffs waited a year following the accident for the District Attorney's Office to determine if it would present the case to a Grand Jury. After that year ended with no decision from the District Attorney's Office, plaintiffs commenced their action.

There is "no constitutional requirement that civil proceedings be stayed pending the outcome of criminal proceedings." *S.E.C. v. Grossman*, 121 F.R.D. 207, 208 (S.D.N.Y. 1987)(*citations omitted*); *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994) ("Nothing in the constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter.") While the district court does have discretion to grant a stay, the argument that a defendant might have to exercise his Fifth Amendment right against self-incrimination in response to some deposition questions, has usually been rejected as a basis to delay. *Id.* at 210.

Judge Kram in *Grossman, supra*, further cited *S.E.C. v. Musella*, 38 Fed.R.Serv.2d, 426, 427 (S.D.N.Y. 1983) and *U.S. v. Kordel*, 397 U.S. 1, 11 (1970) in stating:

> "[t]he discomfort of defendant's position does not rise to the level of a deprivation of due process. Others have faced comparable circumstances; the choice may be unpleasant, but it is not illegal, and must be faced." In addition, in *Gellis v. Casey,* 338 F.Supp. 651 (S.D.N.Y. 1972) the court stated generally, "[p]laintiff has no constitutional right to be relieved of the burden of the choice he faces. There is no violation of due process where a party is faced with the choice of testifying or involving the Fifth Amendment. . . . Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or to invoke his privilege against self-incrimination. Nevertheless, he must make the choice despite any extra legal problems and pressures that might follow." *Id.* at 653 (citations omitted).

3

The factors that defendant's Memorandum of Law argues that courts have considered do not weigh in defendant's favor here.

### A.  Overlap.

It is true that both the criminal and civil cases arise from the same nucleus of events. Nonetheless, there are stark differences. In the criminal case, prosecutors must prove that defendant Aquilone was legally intoxicated or impaired at the time of the collision beyond a reasonable doubt. Plaintiffs however, need only prove that Aquilone operated his yacht in a reckless or careless manner under the circumstances and was a substantial proximate cause of the accident, by a preponderance of the evidence. In other words, plaintiffs do not need to prove Aquilone was legally intoxicated at the time of the collision to prevail in the civil action.

### B.  Status of the Criminal Case

Defendant concedes he has not yet been indicted and that this factor cuts against a stay when considered by courts. See *Citibank, N.A. v. Hakim*, 1993 WL 481335, at *1 (S.D.N.Y. 1993)(extraordinary remedy of a stay generally not even considered until after an indictment). This ground alone is sufficient to allow this court to deny defendant's pre-indictment motion to stay. *Id.* The subpoena of some of defendant's records after twenty-one (21) months does not portend to determine if he will be indicted. Rather, it only shows that the DA's office is still investigating, as they had been last year and the year before that. Even were defendant to be indicted, this alone is not a sufficient basis for a lengthy stay of discovery. The "criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff[s] from expeditiously advancing [their] claim." *Paine, Webber, Jackson J. Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp, 1118, 1119 (S.D.N.Y. 1980).

Lastly, defendant's cite to *Sterling Nat'l Bank v. A-1 Hotels Int'l Inc.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001) is curious given that this court in *Sterling* held that defendants therein were not entitled to a stay of the civil proceeding. The Court's holding was based on the fact that the case had already been pending for eight months, and was being pursued by a private plaintiff with distinct interests from the government. *Id.* Both of these considerations are present here.

### C.  Prejudice to Plaintiffs

The key liability evidence in this case will come from the testimony of witnesses, most notably the two surviving plaintiffs, defendant Aquilone, Aquilone's adult passenger, the Shark's crew members and passengers and the N.Y.P.D. Harbor Patrol. Those memories and details will fade over time and preservation of that testimony has already been delayed too long. See *Paine, Webber*, 486 F. Supp. at 1119

Defendant's reliance on the wreckage and/or damaged vessels is a red herring. No one disputes there was a collision[1] and news reports show photos of the plaintiffs' vessel being towed to shore with obvious damage to its right side and taking on water. *See* news video at www.nj.com/news/index.ssf/2010/07/two_boats_collide_near_statue.html. In fact, plaintiffs' boat was declared a total loss, while Aquilone drove his large yacht back to shore under its own power with little damage to it.

Defendant speculates on videotape evidence from security cameras on Liberty Island. Those cameras are the property of the Department of Homeland Security and, upon information and belief, do not show the collision. Defendant simply believes, without basis, that the videotapes would be exculpatory. These tapes, if they exist, given their security propriety, might not even be made available to defendant during his potential criminal defense.

---

[1] Plaintiffs allege they were broadsided or "T-boned" by the bow of defendant's yacht which struck the smaller boat in the mid section of its hull.

Defendant further fails to articulate how his onboard GPS is materially relevant to his defense. There is no allegation that it would show the location of the Hasan boat or any other boat in the New York Harbor, nor whether Aquilone was or was not operating his yacht in a reckless or careless manner. This is another red herring attempt to grasp at anything which allows defendant to avoid any and all liability discovery. In addition, as stated above, none of the discovery previously provided by defendant addresses liability issues and it therefore is irrelevant to this motion.

### D.     Burden on Defendant

Defendant repeats previous arguments addressed above concerning his Fifth Amendment rights and access to limited and largely irrelevant pieces of evidence. Defendant's argument regarding the cause of the collision might have more bearing if the two boats were *moving* on a collision course. Here however, plaintiffs' boat was not moving, save for a possible slow drift with its engines off while plaintiffs lawfully took in a close offshore view of the Statue of Liberty.

The sequestered evidence defendant cites does not affect the exchange of discovery, documents and witness depositions. Indeed, it should not affect a maritime expert's ability to provide opinions – which they often do without the benefit of a GPS or video, and at times even without a vessel, which sank and is was not available for inspection. In short, defendant has not expressed a reason to stay discovery. At best, defendant has made arguments to potentially have the Court order access to this limited evidence, or in the alternative, allow the parties to supplement expert reports if it becomes available before trial.

E.  Interest of the Courts

Defendant argues much time has passed, so "what is the harm in allowing almost another year to pass before any discovery or trial?" This is the *very reason* plaintiffs object to defendant's motion for a stay. Too much time has already passed. Plaintiffs have the right to preserve evidence, particularly witnesses' memories prevent defendant's dissipation of evidence and assets, and have adjudication on the merits in a timely manner.

## CONCLUSION

The Court should deny defendant's motion in all respects, and in the alternative consider a motion to issue an Order to the New York County District Attorney's Office to allow access to the limited evidence it currently has, and/or permit the parties to supplement any expert reports, if necessary, if and when this evidence becomes available.

Dated: New York, New York
April 11, 2012

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: _____
Andrew J. Maloney III (AM8684)
Jared L. Watkins (JW 9015)
750 Third Avenue
New York, NY 10017
Phone: (212) 687-8181
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiffs' Memorandum of Law In Opposition to Defendant's Motion to Stay Discovery.* was served via ECF and first class regular mail this 11th day of April 2012, on:

> James E. Mercante, Esq.
> Richard Gonzalez, Esq.
> Attorneys for Defendant RICHARD AQUILONE JR.,
> RUBIN FIORELLE & FRIEDMAN LLP
> 292 Madison Avenue, 11[th] Floor
> New York, NY 10017

*/s/ Andrew J. Maloney, III*