```
                                            ┌─────────────────────────────┐
                                            │ USDC SDNY                   │
                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK               │ DOC #:___                   │
-----------------------------------X        │ DATE FILED MAY 15 2012      │
                                  :         └─────────────────────────────┘
JAMES ABRAHAM, et al.,            :
                                  :
                    Plaintiffs,   :              11 Civ. 5947(KBF)
                                  :
          -v-                     :          MEMORANDUM AND ORDER
                                  :
RICHARD AQUILONE JR.,             :
                                  :
                    Defendant.    :
------------------------------- X
```

KATHERINE B. FORREST, District Judge:

Plaintiffs initiated this admiralty action on August 24, 2011, seeking redress for personal injuries allegedly suffered in connection with a July 2, 2010 collision between plaintiff Hasan's vessel and defendant's vessel.  Following the collision, defendant was arrested by the New York City Police Department. He was then charged in a criminal complaint with (1) operating a vehicle under the influence of alcohol; (2) vehicular manslaughter; and (3) three counts of endangering the welfare of a child.  (Def.'s Mem. at 2-3.)  Defendant was arraigned and released on bail.  The District Attorney's Office also impounded both vessels and defendant's GPS device.  To date, defendant's criminal case has not been presented to a grand jury for indictment, though there is some evidence that it is still active – namely, a March 20, 2011 visit by investigators to defendant's apartment complex and vessel dock and a February 1,

1

2012 subpoena duces tecum served on defendant's insurer.  (Id. at 4-5.)

Following an initial pretrial conference with the parties on November 28, 2011, the Court directed them to complete all fact discovery by February 28, 2012 and all expert discovery by March 30, 2012.  (Nov. 28, 2011 Minute Entry.)  Defendant first requested a stay of discovery during a telephonic status conference with the Court on March 13, 2012.  The Court permitted defendant to make a stay motion but ordered the parties to proceed with discovery in parallel, extending the deadlines for fact discovery until July 27, 2012 and expert discovery until August 31, 2012.  (Mar. 13, 2012 Minute Entry.)

Defendant has now moved to stay all discovery in this action for nine months or, in the alternative, for entry of a limited discovery order that, among other things, stays all depositions and expert discovery.  For the reasons set forth below, the Court now DENIES that motion.

### DISCUSSION

"There exists no constitutional requirement that civil proceedings be stayed pending the outcome of criminal proceedings."  S.E.C. v. Grossman, 121 F.R.D. 207, 209 (S.D.N.Y. 1987); Nosik v. Singe, 40 F.3d 592, 596 (2d Cir. 1994) ("Nothing in the constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter.").  Rather,

"'[i]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence.'" Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (quoting S.E.C. v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980)).  That a defendant might have to exercise his Fifth Amendment right against self-incrimination does not, alone, cause such "substantial prejudice" where any adverse inference drawn would be "one of a number of factors the factfinder [would] consider" and would "not automatically result in [the defendant] forfeiting the outcome of [his] civil proceeding."  See Grossman, 121 F.R.D. at 210; accord United States v. District Council of N.Y. City and Vicinity of United Broth. of Carpenters and Joiners of America, 782 F. Supp. 920, 925-26 (S.D.N.Y. 1992).

A court may decide in its discretion to stay civil proceedings "when the interests of justice seem to require [it]."  E.g., Dresser, 628 F.2d at 1375 (internal quotation marks omitted).  In deciding whether to enter a stay, courts in this district consider a number of factors, including

> 1) the extent to which the issues in the criminal case
> overlap with those presented in the civil case; 2) the
> status of the case, including whether the defendants
> have been indicted; 3) the private interests of the
> plaintiffs in proceeding expeditiously weighted
> against the prejudice to the plaintiffs caused by the
> delay; 4) the private interests of and the burden on

the defendants; 5) the interests of the courts; and 6)
the public interest.

In re Worldcom, Inc. Secs. Litig., No. 02 Civ. 3288 (DLC), 2002
WL 31729501, at *3-4 (S.D.N.Y. Dec. 5, 2002).  Consideration of
those factors weighs against granting a stay in this case.

First, although both defendant's criminal case and the
instant civil action arise from the same events, there are
substantial differences between the proceedings.  In the
criminal case, prosecutors must prove beyond a reasonable doubt
that defendant was legally intoxicated or impaired at the time
of the collision.  By contrast, plaintiffs need only prove by a
preponderance of the evidence that defendant operated his vessel
in a reckless or negligent manner under the circumstances and
was a proximate cause of their injuries.

Second, defendant concedes that after 22 months of criminal
investigation, he has not yet been indicted.  (See Def.'s Mem.
at 4.)  "Courts in this district have generally refused to stay
a civil proceeding where the defendant has not been indicted but
is under criminal investigation."  Worldcom, 2002 WL 31729501,
at *4; see also Citibank, N.A. v. Hakim, No. 92 Civ. 6233 (MBM),
1993 WL 481335, at *1 (S.D.N.Y. 1993).  Indeed, the
"extraordinary remedy" of a stay may be denied on the basis of a
lack of indictment alone.  Hakim, 1993 WL 481335, at *1 (citing
cases).  Here, there is no indication that the grand jury's
investigation "has reached a critical stage" and that an

4

indictment will issue any time soon.  See Sterling, 175 F. Supp. 2d at 578.

Third, on balance, plaintiffs' interest in proceeding expeditiously with this litigation outweighs the speculative and uncertain risks to defendant's interests.  See Sterling, 175 F. Supp. 2d at 577-80.  Plaintiffs anticipate that key liability evidence in this case will come from the testimony of witnesses to the vessel collision, including the two surviving plaintiffs, defendant, defendant's adult passenger, the crew members of a passing third vessel and members of the N.Y.P.D. Harbor Patrol. (Pls.' Opp. at 5.)  Further delay of this case will impair those witnesses' memories of the events at issue.  As in Sterling, "[i]t is [also] far from clear that the delay will be limited to the initial [nine] months requested by defendant[].  If a stay is granted, it is completely unpredictable how the criminal investigation will have progressed over the next [nine] months." 175 F. Supp. 2d at 579.

On the other side of the balance, defendant concedes that it is speculative whether the evidence impounded by the District Attorney's Office or the Liberty Island video tape will be exculpatory if or when it is even made available.  (See Def.'s Reply at 2 ("potentially exculpatory").)  In addition, where, as here, both parties have expressed an interest in retaining expert witnesses, any impact on the reliability of expert

testimony caused by an expert's inability to inspect the vessels and defendant's GPS would prejudice both parties. If that evidence became available before trial, any such prejudice could also be alleviated without resort to a stay by permitting the parties to supplement their expert reports. The witness testimony identified by plaintiffs – under oath from both sides and from non-parties – also provides an alternative means of "reconstructing" what happened in the collision.

Furthermore, the significance of the impounded evidence to defendant is also called into question by his failure to raise the issue of its inaccessibility until after the first fact discovery period had expired and the first expert discovery period was almost complete (see Nov. 28, 2011 Minute Entry) and by his waiting over a year and a half, until March 15, 2012, to contact the District Attorney's Office to request access to the evidence after his initial inquiry on July 19, 2010 (Def.'s Mem. at 8).

Finally, the Court and the public have an interest in prompt resolution of cases, particularly where, as here, there would be "no predictability as to when the case would return to the Court's active docket." Sterling, 175 F. Supp. 2d at 580. Nor is it sufficiently likely that if defendant were indicted, a plea or trial in the criminal case would "contribute significantly to the narrowing of issues in dispute" or "promote

settlement" in the civil action before it was resolved.  <u>See</u>
<u>Worldcom</u>, 2002 WL 31729501, at *8.

CONCLUSION

In light of the foregoing, defendant's motion for a stay of discovery is DENIED.  The parties shall proceed with all discovery on the schedule set by the Court during the March 13, 2012, telephonic conference.

The Clerk of the Court is directed to close the motion at Docket Number 25.

SO ORDERED:

Dated:       New York, New York
             May 15, 2012              _____
                                       KATHERINE B. FORREST
                                       United States District Judge

7